1810.

Johnston
vs
Cope.

Such is considered to be the law in this state. The plaintiff in ejectment may bring an action of trespass for the mesne profits, pending a writ of error. *Run. Eject.* 423. *Donford vs. Ellys*, 12 *Mod.* 138.

BUCHANAN, J. delivered the opinion of the court. The court agree with the court below in the opinion contained in the bill of exceptions on which this case is brought up.

The question is, whether, in an action of trespass brought in the name of the lessor of the plaintiff against the tenant in possession, for mesne profits, from the time of the demise, it is necessary for the plaintiff to prove an entry or actual possession in him after the recovery in ejectment?

On that question the court have no doubt.

The tenant in possession is estopped by his confession of lease, entry and ouster, and cannot controvert either the title or possession of the plaintiff; and it is sufficient for the plaintiff to produce the judgment alone, without showing the writ of execution executed, or possession acquired in any other manner.

JUDGMENT AFFIRMED.

---

JOHNSTON vs. COPE et al.

JUNE.

APPEAL from *Baltimore* County Court. *Assumpsit* by the appellant against the appellees, on an agreement for the sale of six bales of linens called *Flanders* sheetings, to be furnished and supplied by the latter to the former, of good and merchantable linens, at and for a large sum of money, and for which payment had been made. The declaration stated, that although six bales were afterwards delivered, yet they were not good, sound, merchantable linens, but on the contrary bad and unmerchantable, &c The general issue was pleaded; and at the trial the plaintiff prayed the court to direct the jury, that if they should be of opinion from the testimony, that the merchandize in question was sold to the plaintiff for the full merchantable price, that it implies a warranty that the same was, at the time of the sale, good, sound and merchantable; and that if the merchandize in question was unsound, and that unsoundness was not obvious to the buyer at the time of the sale, in the state in which such goods are usually sold, the plain-

In *assumpsit* on a verbal agreement to recover the price paid for merchandize proved to be unsound, sold and delivered by the defendants to the plaintiff,—Held, that the bare circumstance of selling goods and chattels for a full price, does not of itself raise a warranty; and that the seller is not responsible for their unsoundness, unless he warranted them to be sound, or knew they were not at the time of the sale, in which latter case he would be liable for the fraud

tiff is entitled to recover on the ground of such implied warranty. This direction the court, [*Nicholson*, Ch. J. and *Hollingsworth*, A. J.] refused to give; being of opinion that the bare circumstance of selling goods and chattels for a full price, does not of itself raise a warranty, and that the seller is not responsible for the unsoundness of such goods and chattels, unless he warranted them to be sound, or knew of their unsoundness at the time of sale, in which latter case he would be liable for the fraud. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. and BUCHANAN, GANTT, and EARLE, J.

*Nisbet*, for the Appellant. The common law maxim of *caveat emptor* is now exploded; and the more reasonable principle of the civil law, "that a fair price implies a warranty," has been adopted. 2 *Wood. Lect.* 415, & 1 *Pow. on Cont.* 150. The plaintiff is not bound to show that the defendant knew of the defect or damage in the things sold; for a man ought to have skill in the way of his business, and ignorance is considered as a deceit upon those with whom he deals. 3 *Wood.* 199. *Bevingsay vs. Ralston*, *Skin.* 66; & *Denison vs. Ralphson*, 1 *Vent.* 366. The court below grounded their opinion principally on a case of *Parkinson vs. Lee*, 2 *East*, 314, and the case of *Stuart vs. Wilkins*, 1 *Doug.* 20. The first of these cases was a sale by sample, and the commodity was proved to be the same as the sample. That is a very different case from the one before this court, where the sale was of linens in bales, without opening them, and without the exhibition of a sample. The court below go farther in their decision than the case required; and so far as they appear to decide the case before the court, it is a mere *obiter* opinion, and that founded on another *obiter* opinion of Lord *Mansfield*; for the case *Stuart vs. Wilkins* was merely as to the form of the declaration. The common understanding of mankind, and the general usage of merchants, is in favour of the implied warranty. An instance has rarely occurred where, on a sale of goods by invoice or in bales, a concealed damage has been discovered, in which the vendor has refused to refund the money, and take back the goods, or compensate for the injury sustained. Upon this principle substantial

justice is done, for the loss will ultimately fall upon the person who knew of the damage, and fraudulently packed up the goods as merchantable.

*T. B. Dorsey,* for the Appellees. The common law principle of *caveat emptor* never has been exploded as to the quality of goods sold, but only as to the title. 2 *Blk. Com.* 451, (and *Christian's* notes.) That there is no implied warranty as to the quality, is evident from 3 *Blk. Com.* 164. *Parkinson vs. Lee,* 2 *East,* 314. *Williamson vs. Allison, Ibid* 446. If a sound price implies a warranty, why are express warranties ever made, or why are actions of deceit ever brought? The universal understanding of every man buying and selling is against implied warranties. The authorities of 2 *Wood. Lect.* 415, 3 *Wood. Lect.* 199, and 1 *Pow. on Contracts,* 150, are the incautious *dicta* of commentators, unsupported by the decision in *Denison vs. Ralphson,* 1 *Vent.* 366, and *Bevingsay vs. Ralson, Skin.* 66, on which they profess to be founded; these cases were on express warranties, and it was therefore properly decided that the *scienter* need not be proved.

JUDGMENT AFFIRMED.

----

### Wilson vs. Mitchell.

APPEAL from *Baltimore* County Court. This was an action of *slander,* brought by *Alexander Mitchell,* the appellee. The declaration contained four counts. After stating that the appellee had been, and continued to be, a merchant, and commission merchant, and a faithful buyer and seller of merchandize, &c. the *first* count of the declaration charged *David Wilson,* the appellant, with speaking the following false and scandalous words of the appellee, "that he sold goods and merchandizes on commission for a higher sum than he returned an account of sales for; and that he cheated his employer, by putting part of the money for which the goods sold, in his (the appellee's) pocket." The *second* count, after stating that

Where, in the return of a commission issued to a foreign country to take testimony, the commissioners oath appears to have been taken, and is certified by the commissioners to have been duly taken, it is sufficient, without other proof, that the persons administering the oath had authority for that purpose

In slander, one of the counts in the declaration charged the defendant with having made a voluntary affidavit, and caused certain false and malicious lies to be written there-

in, and among others, that "there was a certain quantity of *American* soap, which to his certain knowledge was sold at *Curacoa* by the said A M," (the plaintiff) "at six dollars current money," and the affidavit, as offered in evidence by the plaintiff, stated the same word, except that the words "*per box*" were added after the words "six dollars."—*Held* to be a fatal variance.

The plaintiff cannot under the act of 1809, *ch* 153, take a judgment on a count in his declaration upon which he had given no evidence although there is a general verdict in his favour